UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OFELIA RODRIGUEZ, et al., ) | Case No. 06CV2753W(JMA) |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | PROTECTIVE ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

The parties have presented a joint motion which identifies various materials that are, or may be, discoverable under the standard provided by Fed. R. Civ. P. 26(b)(1), including the Border Patrol and San Diego Police Department reports regarding the shooting which is the subject of this case. These materials are, or may be, subject to the Privacy Act, 5 U.S.C. § 552a, since they contain information concerning persons allegedly involved in border crimes and others, the investigation of such crimes, the shooting which is the subject of this case, and the investigation into that shooting. Furthermore, the parties indicate that these materials reference various techniques and methods which, if disclosed, could compromise border-area law enforcement efforts. As authorized by 5 U.S.C. § 552a(b)(11), the Court therefore enters this protective order to govern the dissemination of documents produced by Defendants in this proceeding.

//

1. This order applies to documents to be produced by Defendants in this action which are or may be subject to the Privacy Act or which may contain sensitive law enforcement information as determined by Defendants, including but not limited to, the reports identified above. Notwithstanding this order, Defendants may assert such objections to disclosure as they deem appropriate, subject to resolution by the Court should a party move to compel.

2. A document will be protected under this Order when Defendants identify it as subject to this Protective Order.

3. The documents protected under this Order shall not be used for any purpose other then preparation and trial of this case, or in connection with settlement proceedings. The documents protected hereunder may be disclosed to the following persons only:

   a. The signatories;

   b. Bona fide employees of the signatories, while assisting in accomplishment of the foregoing purposes, with disclosure only to the extent necessary to enable them to perform same;

   c. The experts, investigators or consultants or others retained by the parties, while assisting in accomplishment of the aforementioned purposes, with disclosure only to the extent necessary to enable them to perform same;

   d. Any person who gives testimony in the action, during deposition or trial; however, the materials may not be thereafter retained by any such person;

   e. The Court and any jury empaneled in this action.

4. While a signatory may disclose materials protected by this Order to any expert witness, investigator or consultant employed or retained by that signatory, a signatory shall advise such expert

1  witness, investigator or consultant as to the contents, force, and
2  effect of this Protective Order.  Furthermore, a signatory shall
3  obtain such person's signature on a copy of this Protective Order,
4  signifying that person's commitment to abide by the provisions hereof
5  and submission to this Court's jurisdiction.
6       5.   The signatories shall not otherwise disclose the materials
7  protected by this Order without first obtaining from the Court an
8  order, upon appropriate motion, permitting such further disclosure.
9       6.   If any signatory files with the Court the materials as an
10 exhibit, that signatory shall request the materials be filed under
11 seal, and the Clerk of Court shall retain the materials in the files
12 of the Court, in a sealed wrapper, and shall not disclose the contents
13 thereof, except under order of the Court.
14      a.   Subject to public policy, and further court order, nothing
15 shall be filed under seal, and the Court shall not be required to take
16 any action, without separate prior order by the Judge before whom the
17 hearing or proceeding will take place, after application by the
18 affected party with appropriate notice to opposing counsel.
19      b.   If the Court grants a party permission to file an item
20 under seal, a duplicate disclosing all nonconfidential information,
21 if any, shall be filed and made part of the public record.  The
22 item may be redacted to eliminate confidential material from the
23 document.  The document shall be titled to show that it corresponds
24 to an item filed under seal, e.g., "Redacted Copy of Sealed
25 Declaration of John Smith in Support of Motion for Summary
26 Judgment."  The sealed and redacted documents shall be filed
27 simultaneously.
28 //

 7. At the conclusion of this litigation, including all appeals from any decision of the district court, all materials subject to this protective order shall be returned to Defendant United States.

**IT IS SO ORDERED.**

DATED: December 19, 2007

_____
Jan M. Adler
U.S. Magistrate Judge