UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OFELIA RODRIGUEZ, et al., ) | Case No. 06-CV-2753-W (JMA) |
| ) | |
| Plaintiffs, ) | **ORDER GRANTING IN PART AND** |
| ) | **DENYING IN PART PLAINTIFFS'** |
| v. ) | **MOTION FOR RELIEF FROM** |
| ) | **RESPONSES AUTOMATICALLY DEEMED** |
| UNITED STATES OF AMERICA, et ) | **ADMITTED** |
| al., ) | |
| ) | **[Docs. 41, 42]** |
| Defendants. ) | |
| ) | |

Plaintiffs Ofelia Rodriguez, Myra Ponce, Ismael Martinez and Kimberline Martinez (hereinafter collectively "Plaintiffs") have timely filed a Motion for Relief from Responses Automatically Deemed Admitted. Defendant United States of America (hereinafter "the Government") opposes. For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' motion.

**I.   BACKGROUND**

On or about July 15, 2008, the Government served Requests for Admissions upon Plaintiffs. Def.'s Ex. 1. As of September 15, 2008, Plaintiffs had not responded, and the Government served a Notice of Deemed Admissions in which it indicated that the

requests for admissions were deemed admitted by virtue of Plaintiffs' failure to respond thereto. Def.'s Ex. 2. Plaintiffs state that they "inadvertently neglected to send out their responses and denials" to the requests, and that they did not realize this until the Government's counsel advised their counsel of this fact. Pls.' Mem. at 3; Barraza Decl., ¶ 7. Plaintiffs state that they immediately thereafter served responses to the requests. Pls.' Mem. at 3; Barraza Decl., ¶ 8; Pls.' Lodgment of Exhibits, Ex. B. Plaintiffs now seek relief from the deemed admissions.

**II.   LEGAL STANDARDS**

Rule 36 of the Federal Rules of Civil Procedure, applicable to requests for admission, states that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). Any matter admitted under Rule 36 is "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). "[T]he court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Id.

"The first prong of this test . . . essentially asks if allowing the withdrawal will aid in the resolution of the case. . . ." Gallegos v. City of Los Angeles, 308 F.3d 987, 993 (9th Cir. 2002). This prong is satisfied when "upholding the

admissions would practically eliminate any presentation of the merits of the case." Conlon v. United States, 474 F.3d 616, 622 (9th Cir. 2007), citing Hadley v. United States, 45 F.3d 1345, 1348 (9th Cir. 1995). This prong is also satisfied when amendment or withdrawal of the admissions would "facilitate a presentation of the merits" of the case. Hadley, 45 F.3d at 1348.[1]

The second half of the test, the prejudice component, requires "not simply that the party who obtained the admission will now have to convince the factfinder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted." Id. (citation and quotations omitted). The party relying on the deemed admission has the burden of establishing that withdrawal or amendment of the admission would prejudice the party's case. Id.

//
//

---

[1] Since the issuance of its ruling in Omni Home Financing, Inc. v. Hartford Life and Annuity Ins. Co., 2007 WL 4570772 (S.D. Cal., Dec. 27, 2007), and in consideration of the issues raised in the instant motion, the Court has conducted further research and analysis into the standard to be used when evaluating a motion to withdraw or amend admissions. Although the first half of the test in Rule 36(b) is clearly satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case, that is not the sole criterion for withdrawal or amendment of deemed admissions. See, e.g., Januszewski v. Village of Oak Lawn, 2008 WL 4898959, at *2 (N.D. Ill., Nov. 12, 2008); see also Bretana v. International Collection Corp., 2008 WL 4948446, at *2 (N.D. Cal. Nov. 12, 2008) (finding first prong satisfied when deemed admissions would "preclude defendants from refuting aspects of plaintiff's claims"). The Court finds the recent application of Rule 36(b) by the district courts in Januszewski and Bretana to be not only consistent with Ninth Circuit law, but also consistent with the plain language of the Rule.

### III. DISCUSSION

In their September 16, 2008 responses to the Government's requests for admissions (hereinafter "Plaintiffs' September 16, 2008 responses"), Plaintiffs expressly admitted the matters set forth in Request Nos. 1, 3, 5, 14 and 15. Pls.' Lodgment of Exhibits, Ex. B. Although the responses were untimely, the resultant effect is that Plaintiffs presently challenge only those requests not already expressly admitted by them, i.e., Request Nos. 2, 4, 6-7, 8-13 and 16.

### A.   Presentation of the Merits

#### 1.   Request Nos. 2 and 4

Request Nos. 2 and 4 concern the nature of the relationship between Plaintiff Myra Ponce and the decedent, Guillermo Martinez Rodriguez. Request No. 2 seeks the following admission:

> Guillermo Martinez Rodriguez and Myra Ponce were not formally married in accordance with the law of the State of Baja California, Mexico.

Although the Government acknowledges that even a deemed admission of this matter will still require an analysis of, *inter alia*, whether Ms. Ponce qualifies as a "concubine" under Baja California law, the Court is concerned about the vagueness and potential overbreadth of the term "formally married" as used in Request No. 2. While it does not appear that the Government would use the deemed admission to foreclose Ms. Ponce from attempting to establish a concubinage relationship with the decedent (see Def.'s Opp'n at 7-8), allowing the admission to be withdrawn will undoubtedly "facilitate a presentation of the merits" of this aspect of the case. Hadley, 45 F.3d at 1348. The deemed admission of Request No. 2 could potentially affect

Ms. Ponce's standing to sue, and thus could potentially be dispositive of her claims. Accordingly, the Court finds that the first prong under Rule 36(b) is satisfied as to this request.

Request No. 4 seeks the following admission:

> California does not recognize "concubinage" under the law of the State of Baja California, Mexico as the equivalent of common law marriage.

Requests for admission are permitted in order to establish the truth of specified facts, as well as an "application of law to fact," but are not permitted on a disputed contention of pure law. See Fed. R. Civ. P. 36(a); Playboy Enterprises, Inc. v. Welles, 60 F. Supp. 2d 1050, 1057 (S.D. Cal. 1999) (stating that "[r]equests for admissions cannot be used to compel an admission of a conclusion of law). Request No. 4 improperly requires Plaintiffs to make a conclusion of law. The Court accordingly sua sponte **STRIKES** Request No. 4 and the deemed admission thereto.

### 2. Request Nos. 6-7

Request Nos. 6 and 7 seek the following admissions:

> Request No. 6: Guillermo Martinez Rodriguez' primary source of income in 2005 was smuggling aliens across the international border between the United States and Mexico.
>
> Request No. 7: In 2005, Luis Martinez Rodriguez paid, or arranged for Guillermo Rodriguez Martinez to be paid, for alien smuggling activities.

These requests concern the source of the decedent's income in 2005. Plaintiffs argue that the deemed admissions to these requests would prevent them from receiving compensation for the loss of economic support by the decedent. The deemed admissions, however, would not preclude Plaintiffs from presenting evidence

of any legally derived income earned by the decedent.  Moreover, should Plaintiffs wish to contend that income derived from alien smuggling activities is a proper element of damages, the admissions will not prevent them from doing so.  The Court thus finds that the first prong of the test set forth in Rule 36(b) has not been satisfied.

### 3. Request Nos. 8-13

Request Nos. 8 through 13 concern a prior incident at the border which occurred on June 4, 2005 and which allegedly involved the decedent:

> <u>Request No. 8</u>:  On June 4, 2005, Guillermo Martinez Rodriguez crossed the primary fence between Mexico and the United States while engaged in alien smuggling activities.
>
> <u>Request No. 9</u>:  On June 4, 2005, Guillermo Martinez Rodriguez used a rebar ladder to assist aliens over the secondary fence into the United States.
>
> <u>Request No. 10</u>:  On June 4, 2005, Guillermo Martinez Rodriguez threw one or more rocks at a Border Patrol agent or agents.
>
> <u>Request No. 11</u>:  On June 4, 2005, Martin Delgado Martinez witnessed Guillermo Martinez Rodriguez throw rocks at a Border Patrol agent or agents.
>
> <u>Request No. 12</u>:  On June 4, 2005, Border Patrol Agent Jose Contreras fired his service weapon in Guillermo Martinez Rodriguez' direction after Border Patrol Agent Miguel Ponce was struck by a rock.
>
> <u>Request No. 13</u>:  [Duplicate of Request No. 11]

Although the deemed admissions are not case-dispositive, they may certainly have an effect on the merits of the action. Requiring the deemed admissions to stand would take away Plaintiffs' ability to rebut the Government's asserted intent to use the admissions "to help prove Decedent's identity as the source of the rock thrown at Agent Campos and to prove Decedent's

recklessness in 'rocking' Agent Campos despite personal knowledge that an Agent may respond to being 'rocked' with deadly force." Def.'s Opp'n at 10.  If the deemed admissions are used to this effect, they may very well convince the trier of fact that the decedent did throw a rock at Agent Campos during the subject incident, an assertion which Plaintiffs hotly contest.  <u>See</u> Pls.' Resps. to Req. for Admissions, Nos. 8-13.  Given the unqualified denials of the requests set forth in the Plaintiffs' September 16, 2008 responses, in which Plaintiffs assert that the decedent was not even present at the location of the prior incident, the deemed admissions would significantly impair Plaintiffs' ability to refute the Government's assertion about the decedent's alleged prior rock-throwing incident.  The Court is thus satisfied the first prong of the test in Rule 36(b) has been met as to these requests.

**4.   Request No. 16**

Request No. 16 seeks the following admission:

> On December 30, 2005, Guillermo Martinez Rodriguez threw one or more rocks at Border Patrol Agent Faustino Campos.

A trier of fact, on the basis of this admission alone, could potentially be convinced that Agent Campos was justified in shooting the decedent.  This could absolutely "take the wind out of [Plaintiffs'] sails" (<u>see</u> <u>Perez v. Miami-Dade County</u>, 297 F.3d 1255, 1266 (11th Cir. 2002)), as Plaintiffs would be precluded from presenting their version of the events that took place during the incident in question.  It is thus clear that this admission, when compared to the response contained in Plaintiffs' September 16, 2008 responses, in which Plaintiffs deny the

request without qualification, would significantly impair Plaintiffs' ability to present the merits of their case and/or would impair their ability to rebut the Government's and/or Agent Campos' defense. The Court finds that the first prong under Rule 36(b) is satisfied.

### B. Prejudice to Defendants

The Government has made no argument that it would be prejudiced by a withdrawal or amendment of Plaintiffs' deemed admissions. It carries the burden of establishing such prejudice. <u>Hadley</u>, 45 F.3d at 1348. Therefore, the second prong of Rule 36(b) is satisfied as to all requests at issue in Plaintiffs' motion.

Plaintiffs have accordingly satisfied the two-pronged test as to Request Nos. 2, 8-13 and 16.

### IV. <u>CONCLUSION</u>

For the reasons set forth above, the Court hereby **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Motion for Relief from Responses Automatically Deemed Admitted, as follows:

1. Plaintiffs' motion as to Request Nos. 2, 8-13 and 16 is **GRANTED**. The Court accordingly shall allow amendment of the deemed admissions to these requests, and permits the answers set forth in Plaintiffs' September 16, 2008 responses to stand; and

2. Plaintiffs' motion as to Request Nos. 6 and 7 is **DENIED**. Plaintiffs' September 16, 2008 responses to these requests for admissions are stricken and the matters therein are deemed admitted.

//
//

Additionally, the Court sua sponte **STRIKES** Request No. 4, and the deemed admission thereto, on the basis that the request constitutes an impermissible request for admission.

**IT IS SO ORDERED.**

DATED:   December 22, 2008

                                        Jan M. Adler
                                        U.S. Magistrate Judge