1

2

3

4

5

6

7

8

9

10          UNITED STATES DISTRICT COURT

11          SOUTHERN DISTRICT OF CALIFORNIA

12

13   OFELIA RODRIGUEZ, et al.,                    CASE 06-CV-2753 W (JMA)

14                                Plaintiffs,      **ORDER OVERRULING
                                                  PLAINTIFFS' OBJECTIONS**
15        vs.                                     **TO MAGISTRATE JUDGE'S
                                                  MAY 15, 2009 DISCOVERY**
16   UNITED STATES OF AMERICA, et                 **ORDER**
17   al.,

18                               Defendants.

19

20          Pending before the Court are Plaintiffs' objections to Magistrate Judge Jan M.

21   Adler's May 15, 2009 discovery order.  Judge Adler denied Plaintiffs' requests to (1) re-

22   open the deposition of Chief Patrol Agent Michael Fisher; and (2) compel production

23   of members of the Disciplinary Review Board ("DRB") for deposition or, in the

24   alternative, compel the production of all documents reviewed by the DRB in deciding to

25   take "no action" against Agent Faustino Campos following the shooting death of

26   Guillermo Martinez.

27

28

1   The court decides the matter on the papers submitted and without oral argument
2   pursuant to Local Rule 7.1(d)(1).   For the reasons discussed below, the Court
3   **OVERRULES** Plaintiffs' objections (Doc. Nos. 99, 108).

4

5   **I.    FACTUAL BACKGROUND**

6   On December 30, 2005, Decedent Guillermo Martinez, along with four other
7   persons, attempted to enter the United States near the San Ysidro port of entry.
8   Defendant U.S.A. asserts that Decedent was smuggling aliens.

9   As Decedent and the other persons came to the secondary fence, Agent Campos
10  approached in his vehicle.  When Agent Campos exited his vehicle, Decedent ran and
11  Agent Campos gave chase.  During the pursuit, Agent Campos fired his weapon striking
12  Decedent beneath the shoulder blade.  Despite being shot, Decedent continued to run,
13  re-entered Mexico, and proceeded to a hospital.  Decedent later died due to the gunshot
14  wound.

15  Plaintiffs filed their Complaint on December 20, 2006 for wrongful death under
16  the Federal Tort Claims Act.  Under the Amended Case Management Order, the
17  discovery cut-off was set for December 9, 2008.

18  On October 9, 2008, Plaintiffs propounded requests for admission ("RFAs") on
19  Defendant U.S.A.  (*See Singleton Decl.* [Doc. 108-2], Ex. H at Ex. 2.)  Requests 17 and 18
20  sought an admission that no U.S. Border Patrol agent or employee, and no agent or
21  employee of any agency or office of the U.S. Government, made a determination
22  regarding whether Agent Campos' shooting "was consistent with the polices and
23  procedures adopted by the [U.S.] that govern the use of deadly force by law enforcement
24  officers of the U.S."  (*Id.*, Ex. H at Ex. 2, p.2.)

25  On November 12, 2008, Defendant responded to the requests by stating, in part,
26  that no such determination had been made.  However, Defendant advised Plaintiffs that
27  the DRB reviewed Agent Campos' use of force to determine whether there was any
28  evidence of misconduct that would warrant administrative discipline, that the DRB

1   found no such evidence, and that the DRB did not impose discipline of any kind.

2   (*Singleton Decl.*, Ex. H at Ex. 3, pp. 3–4.)

3        On December 16, 2008, Plaintiffs sent Judge Adler a letter identifying a "list of

4   discovery issues...." (*Def.'s Ex. Part I* [Doc. No. 116-1], Ex. 5 at p.1.)  Among the issues,

5   Plaintiffs sought to depose DRB members who reviewed Agent Campos's use of force,

6   and Plaintiffs requested all documents the DRB reviewed in reaching its decision.  (*Id.*)

7        On January 15, 2009, Judge Adler held a discovery hearing.  During the hearing,

8   Defendant agreed to respond to two additional interrogatories regarding whether a

9   determination was made that the shooting was consistent with the policies and

10  procedures adopted by the U.S. governing the use of deadly force. (*Def.'s Ex. Part I*, Ex.

11  7 at p.13; *Def.'s Ex. Part II* [Doc. No. 116-2], Ex. 8 at pp. 3–4.)  Judge Adler then denied

12  Plaintiffs' requests regarding the DRB, subject to Defendant responding to the

13  interrogatories.  (*Def.'s Ex. Part I*, Ex. 7 at p.15.)

14       On January 16, 2009, Defendant U.S.A. sent Plaintiffs a letter stating that

15  Defendant reserved the right to offer testimony as to the DRB and its conclusion about

16  the shooting at trial.  Based on this reservation, Plaintiffs renewed their demand to

17  depose the DRB members and for production of the DRB's documents. (*Singleton Decl.*,

18  Ex. G at pp. 1–2.)  Later, another dispute arose between the parties regarding whether

19  Plaintiffs could re-open the deposition of Chief Patrol Agent Michael Fisher.

20       On May 15, 2009, Judge Adler held another discovery hearing regarding the two

21  issues. Judge Adler ultimately denied Plaintiffs' discovery requests. Plaintiffs' objections

22  followed.

23

24  **II.    STANDARD OF REVIEW**

25       A party may object to a non-dispositive pretrial order of a U.S. Magistrate Judge

26  within ten days after service of the order.  See FED. R. CIV. P. 72(a).  The magistrate

27  judge's order will be upheld unless it is "clearly erroneous or contrary to law."  Id.; 28

28  U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard applies to the magistrate judge's

98cv0735

1  factual determinations and discretionary decisions, including an order imposing discovery

2  sanctions.  <u>Maisonville v. F2 America, Inc.</u>, 902 F.2d 746, 748 (9th Cir. 1990) (holding

3  that factual determinations made in connection with sanction award are reviewable for

4  clear error); <u>Grimes v. City and County of San Francisco</u>, 951 F.2d 236, 240 (9th Cir.

5  1991) (holding that discovery sanctions are non-dispositive pretrial matters reviewable for

6  clear error under Rule 72(a)).  Under this standard, "the district court can overturn the

7  magistrate judge's ruling only if the district court is left with the definite and firm

8  conviction that a mistake has been made."  <u>Weeks v. Samsung heavy Industries Co., Ltd.</u>,

9  126 F.3d 926, 943 (7th Cir. 1997).

10        On the other hand, the "contrary to law" standard permits independent review of

11  purely legal determinations by a magistrate judge.  <u>See, e.g.</u>, <u>Haines v. Liggett Group, Inc.</u>,

12  975 F.2d 81, 91 (3d Cir. 1992) ("the phrase 'contrary to law' indicates plenary review as

13  to matters of law."); 12 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L.

14  MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3069 at 350 & 355 (2d ed. 1997);

15  <u>Gandee v. Glaser</u>, 785 F.Supp. 684, 686 (S.D. Ohio 1992), <u>Aff'd</u> 19 F.3d 1432 (6th Cir.

16  1994) ("Thus, [the district court] must exercise its independent judgment with respect to

17  a magistrate judge's legal conclusions.").

18

19  **III.    DISCUSSION**

20        Plaintiffs object to Judge Adler's ruling denying Plaintiffs' request to (1) re-open

21  the deposition of Chief Fisher, and (2) compel Defendant U.S.A. to produce the DRB

22  members for deposition or, in the alternative, compel Defendant to produce all

23  documents reviewed by the DRB in deciding whether to take "no action" against Agent

24  Campos.  For the reasons stated below, the Court will overrule both objections.

25

26

27

28

98cv0735

1    **A.    Chief Fisher's Deposition.**

2    Judge Adler denied Plaintiffs' request to re-open Chief Fisher's deposition because

3    (1) Plaintiffs were given the opportunity to ask additional questions immediately after the

4    conclusion of the original deposition, and (2) since Chief Fisher was a fact witness,

5    Plaintiffs' counsel was responsible for asking any necessary follow-up questions.  Plaintiffs

6    object on the ground that Judge Adler erred in finding that Chief Fisher is a fact witness,

7    and not an expert witness.

8    But as Defendant U.S.A. acknowledges, Chief Fisher will not be offering expert

9    opinion at trial.  Instead, his testimony will consist of factual information about the U.S.

10   Border Patrol's mission, organization, operations, as well as how the Border Patrol

11   conducts investigations.  Given Chief Fisher's position, his testimony will be based on his

12   experience and perceptions, and does not constitute expert opinion.

13   Moreover, the Court also agrees with Judge Adler's finding that Plaintiffs were

14   given an opportunity to ask additional questions at the conclusion of Chief Fisher's

15   deposition and, later, in the form of written interrogatories.  Plaintiffs chose not to ask

16   follow up questions.

17   For these reasons, Plaintiffs' objection is overruled.[1]

18

19   **B.    The DRB Discovery.**

20   Judge Adler denied Plaintiffs' request to depose members of the DRB and for the

21   production of documents that the DRB reviewed in determining that administrative

22   discipline was not warranted against Agent Campos.  These documents consist of the San

23   Diego Police Department's report of the shooting, and internal memos from the Office

24   of the Inspector General ("OIG").

25   Plaintiffs object that because Defendant U.S.A. intends to introduce evidence at

26   trial regarding "the DRB or its conclusion . . ., Plaintiffs must be permitted to depose the

27

28          [1]However, because Chief Fisher was not designated as an expert, Defendant may not attempt to elicit expert testimony from him at trial.

- 5 -                                         98cv0735

1    three (3) members of the DRB and review any and all documents reviewed by the DRB

2    in making its decision." (*Obj.*, 8:18–22.) In short, Plaintiffs' objection is premised on the

3    theory that they have not been permitted to conduct discovery relating to the DRB. The

4    Court is not persuaded.

5         Apparently, Plaintiffs did not learn about the DRB until approximately November

6    12, 2008, when Defendant, in responding to Plaintiffs' RFAs, discussed the DRB's review

7    of the shooting. While Plaintiffs suggest that this delay in learning about the DRB is

8    somehow attributable to Defendant, the record establishes that Plaintiffs are responsible.

9    Specifically, until propounding the RFA s two months before the discovery deadline,

10   Plaintiffs did not propound an interrogatory calling for information related to the DRB's

11   review of the shooting. During the hearing, Plaintiffs argued that certain previously

12   propounded interrogatories required Defendant to disclose the DRB's review. However,

13   having reviewed the transcript, the Court agrees with Judge Adler's finding to the

14   contrary. Accordingly, Plaintiffs' insinuation that their dely in learning about the DRB

15   is attributable to Defendant U.S.A. lacks merit.

16        Moreover, the record establishes that the documents Plaintiffs seek were either

17   produced or identified on a privilege log months before the discovery deadline. (*Singleton*

18   *Decl.*, Ex. A at pp. 29–36.) Specifically, Defendant produced the police report, but

19   refused to produce the internal OIG memos and therefore listed the memos on a

20   privilege log. Plaintiffs, however, did not challenge Defendant's refusal to produce the

21   OIG memos until after the close of discovery. Plaintiffs again attempt to justify their

22   inaction on the ground that they were unaware of the DRB. But as discussed above,

23   Plaintiffs are responsible for the delay in learning about the DRB.

24        Finally, having reviewed the transcript of the May 15, 2009 hearing, the Court also

25   agrees with Judge Adler's concern regarding the relevance of the documents sought,

26   particularly in light of this Court's previous rulings. However, at this time, the Court will

27   refrain from deciding whether evidence concerning the DRB is admissible at trial.

28

98cv0735

1  **IV.**  CONCLUSION

2       For the reasons stated above, Plaintiffs' objections are **OVERRULED**.

3

4       **IT IS SO ORDERED.**

5

6  DATED:  November 6, 2009

7

8                                                    Hon. Thomas J. Whelan
                                                     United States District Judge

9

10  cc: All Parties

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

98cv0735