# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OFELIA RODRIGUEZ, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES OF AMERICA, FAUSTINO CAMPOS, <br><br> Defendants. | CASE NO. 06-CV-2753 W (JMA) <br><br> **ORDER DENYING (1) MOTION FOR NEW TRIAL / RECONSIDERATION [DOC. 132] AND (2) MOTION FOR RELIEF FROM FAILURE TO FILE DOCUMENTS [DOC. 134]** |

Pending before the Court is Plaintiffs' Motion for New Trial (Doc. 132), and Motion for Relief From Failure to File Documents in Opposition to Motion for Summary Judgment (Doc. 134). The Court decides the matters on the papers submitted. See Civ.L.R. 7.1.d.1. For the reasons discussed below, the Court **DENIES** the motions, and **ORDERS** a Pretrial Conference for **March 15, 2010 at 10:30 a.m.**

## I. PROCEDURAL BACKGROUND.

The factual background is set forth in detail in this Court's previous orders, and thus need not be repeated here. It is sufficient to state that this lawsuit arises out of the fatal shooting of Guillermo Martinez Rodriguez by U.S. Border Patrol Supervisory Agent Faustino Campos at the U.S.-Mexico border. After being shot, Rodriguez was not apprehended, but instead fled into Mexico. He was eventually taken to a Red Cross hospital, where he died of the gunshot wound.

On December 20, 2006, Plaintiffs filed this wrongful-death and survival action against Defendants United States of America and Agent Campos under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.* Plaintiffs include the mother and two children of Rodriguez, as well as Myra Ponce, the mother of the two children.

On March 27, 2009, Defendant Campos filed a motion to dismiss for lack of standing, and motion for summary judgment based on the qualified-immunity defense. On April 20, 2009, Plaintiffs opposed the motions.

On April 27, 2009, Defendant Campos filed written objections to certain exhibits in Plaintiffs' opposition. (*See Obj.* [Doc. 82-1].) Defendant Campos objected to, among other things, Plaintiffs' expert declarations because they were not signed under penalty of perjury.

On May 5 and 6, 2009, Plaintiffs re-filed the expert declarations that were signed under penalty of perjury. Defendant thereafter objected to Plaintiffs re-filed declarations on the ground that they were untimely. Accordingly, on May 22, 2009, Plaintiffs filed a motion to continue the hearing on Defendants' motions and to allow Plaintiffs to file the corrected expert declarations. On July 29, 2009, the Court granted Plaintiffs' motion.

On August 3, 2009, having considered the corrected expert declarations, the Court issued an order denying the motion to dismiss, but granting the summary-judgment motion (the "Order" [Doc. 131]). In deciding the motions, the Order first addressed Defendants' remaining evidentiary objections, including an objection to Plaintiffs' submission of a translation of the Tijuana Medical Examiner's Investigation and Autopsy Report (the

"Autopsy Report"). Plaintiffs did not respond to the objections, which the Court sustained.

The Order next evaluated Defendant Campos' argument that the Fourth Amendment did not apply to this case. Because Defendant Campos did not search or seize Rodriguez, the Court found that the Fourth Amendment did not apply, and thus evaluated the qualified immunity defense under the applicable Fifth Amendment standard. Ultimately, the Order concluded that because the undisputed facts established that Defendant Campos reasonably feared for his safety when he fired his weapon, the qualified-immunity defense barred Plaintiffs' claims against Defendant Campos. Plaintiffs' motions for reconsideration and for relief from their failure to file documents followed.

## II. DISCUSSION.

### A. Plaintiffs failed to comply with the Local Rules and Chamber Rules.

As an initial matter, Plaintiffs' motions are denied for failure to follow this Court's Chamber Rules and the Southern District Local Rules. The Chamber Rules provide that "**[n]o motion for reconsideration shall be filed without leave of Court**" and the party seeking reconsideration "shall file an ex parte application for leave to file a motion to reconsider." (See Chamber Rules, at p.3, emphasis in original.) Additionally, the rules require that the ex parte application not exceed 4 pages, include a brief summary of the party's argument, and "shall be accompanied by a declaration as required by Civil Local Rule 7.1(i)(1)." (Id.) The referenced local rule requires a declaration by the party and attorney setting forth:

> the material facts and circumstances surrounding each prior application, including inter alia: (1) when and to what judge the application was made, (2) what ruling or decision or order was made thereon, and (3) what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application.

See Civ.L.R. 7.1(i)(1).

Plaintiffs failed to comply with these rules. Rather than file an ex parte application and declaration, Plaintiffs obtained a hearing date and filed the motions. In their reply, Plaintiffs argue that "this is *not* a motion for reconsideration." (*Plt.s' Reply* [Doc. 139], 2:21.) Plaintiffs appear to base this argument on the theory that "[b]y granting Defendant's motion for summary judgment, this Court has issued a final judgment on the merits in favor of Defendant Campos." (*Id.*, 2:25–26.) This argument is absurd.

In order to vacate the judgment, Plaintiffs first must convince the Court to reconsider the Order. If on reconsideration the Court finds that clear error was committed in granting summary judgment, only then could the Court vacate the Order and judgment. Thus, Plaintiffs' claim that they are not seeking reconsideration lacks merit. See Honeywell Intern. Inc. V. Universal Avionics Systems Corp., 585 F.Supp.2d 623, 634 (D.Del. 2008) (Stating that a motion to alter or amend a judgment under Fed.R.Civ.P. 59(e), is a motion for reconsideration that challenges the correctness of a previously entered order.)

Moreover, Rule 7.1(i) clearly contemplates that motions under Federal Rule of Civil Procedure 59 and 60–which Plaintiffs' cite as authority for their motions–are for reconsideration. See Civ.L.R. 7.1(i)(2). Therefore, in reviewing the local rules, Plaintiffs should have realized that they were seeking reconsideration, and thus needed to comply with this Court's Chamber Rules and the local rules. Because Plaintiffs failed to comply, the motions are denied.

### B.     Plaintiffs' Motion for a New Trial also Lacks Merit.

Plaintiffs' motion for reconsideration also lacks merit. The motion is not based on new facts, new law or extraordinary circumstances. Rather, the motion is based on Plaintiffs' disagreement with this Court's ruling that Defendant Campos is entitled to qualified immunity.

Plaintiffs argue that the Court erred in ruling that the case does not involve a search or seizure, and thus does not implicate the Fourth Amendment. (*Mt. For New Trial* [Doc.

132-1], 4:20–7:10.) According to Plaintiffs, this ruling "violates controlling Ninth Circuit and Supreme Court case law." (*Id.*, 4:26.)

But Plaintiffs do not cite a single case with similar facts. Rather, all of Plaintiffs' cases involve suspects who were searched or eventually apprehended by law enforcement. This case does not.

Here, after being shot, Rodriguez ran across the border to Mexico. Once in Mexico, he was transported to a Red Cross Hospital in Tijuana, where he later died. Thus, there is no dispute that the Rodriguez was never apprehended or in the custody of Defendant Campos or any other U.S. law enforcement officer. Based on these undisputed facts, Defendant Campos did not search or seize Rodriguez, and the Fourth Amendment is not implicated. To rule otherwise would mean that the Fourth Amendment applies whenever someone is shot by federal law enforcement. But the Supreme Court has held that the Fourth Amendment covers "only 'searches and seizures'...." County of Sacramento v. Lewis, 523 U.S. 833, 843 (1998). And the Supreme Court has also clarified that the amendment does not cover attempted seizures. California v. Hodari D., 499 U.S. 621, 626 n.2 (1991). Because this case did not result in an actual seizure, Plaintiffs' contention that this Court committed clear error lacks merit.

### C.   Plaintiffs' Motion for Relief to File Additional Documents also Lacks Merit.

As discussed above, on April 27, 2009, Defendant Campos filed a written objection to the translation of the Autopsy Report that Plaintiffs attached to their summary judgment opposition. (*See Def.'s Obj.*, 2:6–3:9.) The Order sustained the objection because Plaintiffs failed to attach a copy of the Spanish version of the Autopsy Report, as required by Federal Rule of Civil Procedure 56(e)(1). (*See Order*, 6:1–5.)

Plaintiffs now seek relief to file the Spanish version of the report, presumably so that the Court will reconsider the summary-judgment ruling. Plaintiffs cite "mistake, inadvertence, surprise, or excusable neglect" as the ground for obtaining such relief. (*Mt.*

...

*For Relief* [Doc. 134-1], 4:20–5:21.) In support of this ground, Plaintiffs explain that the "Medical Examiner's Report from Mexico as well as the referenced statements were not submitted because they are in Spanish." (*Id.*, 6:1–2.) But this does not constitute mistake, inadvertence, surprise, or excusable neglect. Rather, Plaintiffs simply decided not to include the document because it was in Spanish.

Moreover, Plaintiffs fail to explain why they did not move to file the Spanish version of the report after Defendant Campos objected on April 27, 2009. At that point, Plaintiffs were alerted to their failure to comply with Rule 56(e)(1), yet made no effort to file the document.[1]

Finally, Defendants argue that even if the Autopsy Report was not excluded, summary judgment would have been granted. The Court agrees.

Plaintiffs' summary-judgment opposition cited the Autopsy Report to establish that Rodriguez was shot in the back. (*See Opp'n to MSJ* [Doc. 79], 2:25–3:1; 16:19–23.) The report was not cited for any other fact. But the Order assumed there was no dispute over the location of the gunshot would, and still found Defendant Campos was entitled to qualified immunity:

> Plaintiffs also argue that because there is no dispute that Rodriguez was shot in the back, Agent Campos is not entitled to qualified immunity. (*Opp'n*, 16:17–25.) But the location of the gunshot wound does not contradict any of the facts that demonstrate Agent Campos discharged his weapon for a legitimate law enforcement objective.
>
> Agent Campos feared for his safety after seeing Rodriguez stand up with his arm cocked and about to throw the rock. At that point, Agent Campos began the act of drawing his weapon and firing. From the time Rodriguez released the rock and Agent Campos was able to raise his weapon and fire, a few seconds necessarily elapsed. The location of the gunshot wound establishes only that during these few seconds, Rodriguez was able to

---

[1] In contrast, Plaintiffs quickly moved to correct the defects with their expert declarations that were identified in Defendants' April 27 evidentiary objections. On May 4 and 5, Plaintiffs filed corrected versions of the expert declarations. After Defendants objected to the late filing, Plaintiffs then moved to continue the summary-judgment motion and for an order allowing Plaintiffs to submit the corrected declarations. (*See Mt. Continue Hearing* [Doc. 98].)

turn to start running away. But the gunshot wound to the back does not dispute Agent Campos' testimony that (1) Rodriguez threw a rock, (2) Agent Campos feared for his safety, and (3) other agents have been seriously injured by "rocking" incidents. Because these undisputed facts establish that Agent Campos discharged his weapon to protect himself–a legitimate law enforcement objective–Agent Campos is entitled to qualified immunity.

(*Order*, 18:13–27.) Accordingly, even if the Autopsy Report was not excluded, the Court would have found Defendant Campos was entitled to qualified immunity.

## IV. CONCLUSION AND ORDER

For the reasons discussed above, the Court **DENIES** Plaintiffs' motions (Docs. 132, 134). In light of the foregoing, the Court **ORDERS** the parties to attend a **PRETRIAL CONFERENCE** on **March 15, 2010 at 10:30 a.m.** The parties must comply with all Chamber Rules and Local Rules in preparation for the conferences.

**IT IS SO ORDERED.**

DATED: February 3, 2010

_____
Hon. Thomas J. Whelan
United States District Judge